UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVGENII IULLO,

                    Petitioner(s),

     v.

FIELD OFFICE DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                Respondent(s).

CASE NO. C26-1579-KKE

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Petitioner's "emergency motion for immediate release" (Dkt. No. 2), which the Court has construed as a motion for a temporary restraining order ("TRO") (Dkt. No. 5). Petitioner is currently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 2 at 1. On May 7, 2026, Petitioner, representing himself, filed a petition for a writ of habeas corpus, claiming that his detention has become unlawfully prolonged in violation of the Fifth Amendment. Dkt. No. 1 at 4–5 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). He concurrently filed a motion for immediate release, arguing that his continued detention threatens his health. Dkt. No. 2. Because Petitioner has not demonstrated irreparable injury that is likely to occur unless he is immediately released, the Court will DENY his motion.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

## I.  BACKGROUND

Petitioner claims that he suffers from a cardiac condition and that, as a result, he has been hospitalized three times since being detained at NWIPC.  Dkt. No. 2 at 2.  Federal Respondents filed a declaration by NWIPC's medical director, Dr. Eddie Wang, which confirms that Petitioner was sent to the emergency room on two occasions for chest pain, underwent a planned cardiac evaluation procedure on a third occasion, and was seen by a cardiologist for a follow-up appointment on yet another occasion.  Dkt. No. 8 ¶¶ 8, 10–12.  After both emergency room visits, Petitioner was cleared for release and his attending medical team returned a "negative cardiac work up."  *Id.* ¶¶ 8, 12.  Petitioner had two stents placed in April 2026, and has been prescribed several medications, which, according to Dr. Wang, Petitioner has had access to while in custody.  *Id.* ¶¶ 11, 14.  Dr. Wang states that NWIPC's medical team will "take appropriate medical action" if Petitioner's cardiologist makes additional recommendations for his care and that, in his opinion, "Petitioner is receiving appropriate medical care[.]"  *Id.* ¶ 16.

## II.  DISCUSSION

The legal standard governing TROs is "substantially identical" to the standard governing preliminary injunctions.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest.  *Id.* at 20.

Here, Petitioner has not clearly shown that he is likely to suffer irreparable harm absent immediate release.  He observes that adhering to his doctor's post-operation instructions to engage

in "rest, stress reduction, and proper medication adherence" will be important for avoiding medical complications. Dkt. No. 2 at 2. But Petitioner does not claim—much less clearly show—that he faces any impending deterioration in his condition as a result of being in custody that is likely to materialize before the Court can adjudicate his habeas petition in the ordinary course. *See* Dkt. No. 5 (setting briefing schedule on Petitioner's habeas petition).

### III.   CONCLUSION

Accordingly, Petitioner's motion for a temporary restraining order (Dkt. No. 2) is DENIED.

Dated this 14th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3